UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADONY NINA,<br><br>                              Petitioner,<br><br>         -v-<br><br>UNITED STATES OF AMERICA,<br><br>                              Respondent. | No. 19-cv-11962 (RJS) |
| UNITED STATES OF AMERICA<br><br>         -v-<br><br>ADONY NINA,<br><br>                              Defendant. | No. 12-cr-322 (RJS)<br><br>MEMORANDUM AND ORDER |

RICHARD J. SULLIVAN, Circuit Judge:

Petitioner Adony Nina, proceeding pro se, petitions pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his convictions and sentences under 21 U.S.C. §§ 841(b)(1)(A) and 841(e)(1)(A) and 18 U.S.C. §§ 924(c), 924(j)(1), and 2. (Doc. Nos. 660, 661 (the "Petition" or "Pet.").)[1] Nina claims that his convictions are invalid under the Due Process Clause, the Double Jeopardy Clause, and the statutory language of 18 U.S.C. § 2, and that his trial and appellate counsel provided ineffective assistance by failing to raise these claims. (Doc No. 660 at 4–9; Pet. at 2, 7, 13, 18.) For the reasons set forth below, the Petition is DENIED.

I.  BACKGROUND

Nina was tried two separate times on two separate indictments (Doc. Nos. 130, 470). The first of these indictments was filed on September 11, 2013 and charged ten defendants in five counts, three of which related to Nina. (Doc. No. 130 (the "2013 Indictment").) Count One

---

[1] Unless otherwise indicated, all docket citations are to 12-cr-322 (RJS).

1

charged Nina with conspiracy to distribute and possess with intent to distribute one kilogram and more of heroin and 280 grams and more of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); Count Three charged Nina with using, carrying, and possessing firearms that were brandished and discharged in furtherance of the narcotics conspiracy charged in Count One, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)–(iii) and 2; and Count Five charged Nina with possessing ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).  (*Id*. ¶¶ 1–3, 7, 9.)  Trial on the first indictment commenced on October 15, 2013 (Doc. No. 196), and Nina was convicted on Counts One and Three and acquitted on Count Five (Doc. No. 195 at 1–2, 5–6).

The second indictment was filed on April 20, 2015 and charged Nina on two further counts. (Doc. No. 470 (the "2015 Indictment").)  Count One charged Nina with causing the intentional killing of Aisha Morales on June 28, 2011, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2; and Count Two charged him with using, carrying, and possessing a firearm and aiding and abetting the same, thereby causing the murder of Aisha Morales, in violation of 18 U.S.C. §§ 924(j)(1) and 2.  (*Id*. ¶¶ 1–2.)  Trial on the second indictment commenced on May 1, 2015 (Doc. No. 490), and the jury ultimately returned a guilty verdict on both counts (Doc. No. 512 at 2117–2118).

On March 21, 2016, the Court sentenced Nina to concurrent terms of life imprisonment on Count One of the 2013 Indictment and Count One of the 2015 Indictment; ten years' imprisonment on Count Three of the 2013 Indictment, to run consecutive to the aforementioned life sentences; and life imprisonment on Count Two of the 2015 Indictment, to run consecutive to all other counts. (Doc. No. 593 at 3.)

On September 15, 2017, Nina appealed, arguing that (1) there was insufficient evidence to sustain his convictions on Counts One and Two of the 2015 Indictment, (2) the Court abused its discretion in both trials by admitting evidence of violent acts carried out by Nina's coconspirators, (3) the Court erred in denying Nina's motion for a mistrial during the 2013 trial, (4) the 2015 Indictment failed to specify drug quantity for Count One, (5) his sentence on Count Two of the 2015 Indictment was procedurally unreasonable, and (6) his sentence on Count One of the 2015 Indictment was substantively unreasonable.  (2d Cir. No. 16-909, Doc. Nos. 79, 110.)  On May 17, 2018, the Second Circuit affirmed Nina's conviction by summary order.  (2d Cir. No. 16-909, Doc. No. 120.)  The Supreme Court subsequently denied Nina's petition for certiorari.  (2d Cir. No. 16-909, Doc. Nos. 137, 138.)

In the Petition now before the Court, Nina argues that (1) the order in which the jury foreperson announced the verdict for Count One at the 2013 Trial violated the Due Process Clause and the Double Jeopardy Clause because the foreperson stated that Nina was guilty before establishing the necessary drug weight (Pet. at 3–6); (2) the aiding and abetting charges on Count Three of the 2013 Indictment and Counts One and Two of the 2015 Indictment are invalid as they did not properly allege "offense[s] against the United States," as required by 18 U.S.C. § 2 (id. at 7–12); and (3) his convictions on Count One of the 2015 Indictment and Count One of the 2013 Indictment violated the Double Jeopardy Clause because 21 U.S.C. §§ 841(b)(1)(A) and 841(e)(1)(A) prohibit the same conduct (id. at 13–18).  Nina contends that his failure to raise each of these claims on direct appeal should be excused because his appellate counsel was ineffective.  (Doc. No. 660.)  Nina also argues that he is entitled to relief under section 2255 because his counsel provided ineffective assistance by failing to raise these issues at trial.  (Id. at 18–26.)

## II.  Legal Standard

3

Section 2255 enables a prisoner who was sentenced by a federal court to petition that court to vacate, set aside, or correct the sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (internal quotation marks omitted). One such rule, the "procedural default rule," bars "claims that could have been brought on direct appeal from being raised on collateral review absent cause and prejudice." *Id.* at 54. In other words, "[i]n order to raise a claim that could have been raised on direct appeal, a [section] 2255 petitioner must show cause for failing to raise the claim at the appropriate time and prejudice from the alleged error." *Id.* (internal quotation marks omitted). One form of cause that can overcome a procedural bar is constitutionally ineffective assistance of counsel on direct appeal. *See generally Massaro v. United States*, 538 U.S. 500 (2003).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant's right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 684–87 (1984). When challenging the effectiveness of counsel's assistance, a party must demonstrate both of the prongs set forth in *Strickland*: (1) that counsel's representation "fell below an objective standard of reasonableness" measured against "prevailing professional norms," and (2) that this "deficient performance prejudiced the defense." 466 U.S. at 687–88. A court must reject a movant's ineffective assistance of counsel claim if it fails to meet either prong. *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013). In addition to constituting

4

"cause" that would overcome a procedural bar, constitutionally ineffective assistance of counsel can be raised as an independent ground for habeas relief that is not subject to the procedural default rule. *See Massaro*, 538 U.S. at 509; *Harrington v. United States*, 689 F.3d 124, 129 (2d Cir. 2012).

### III.  DISCUSSION

As noted above, Nina raises three substantive claims in the Petition. Although the government argues that he has procedurally defaulted these claims, Nina contends that he meets the for-cause exception to procedural default because his previous attorneys were allegedly ineffective for failing to raise these claims both at trial and on direct appeal. Because Nina's ineffective assistance of trial and appellate counsel claims are based on the same underlying substantive arguments, the Court addresses the substance of these claims and concludes that they are wholly without merit. And since the failure to raise a meritless argument cannot constitute ineffective assistance of counsel, *see Aparicio v. Artuz*, 269 F.3d 78, 99–100 (2d Cir. 2001), Nina has failed to show the requisite cause and prejudice to excuse his procedural default.

**A. Due Process and Double Jeopardy Violations at the 2013 Trial**

First, Nina argues that his rights under the Due Process and Double Jeopardy Clauses were violated when the jury announced the verdict and answers to accompanying interrogatories "before establishing every fact which the law makes necessary to constitute the aggravated drug crime charged in Count One" of the 2013 Indictment. (Pet. at 3–6, 19–21.) The Due Process Clause guarantees that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. In a criminal case, "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). But

5

elements are not proven beyond a reasonable doubt when the jury foreperson announces answers to interrogatories. Instead, the prosecution presents proof of a crime through evidence at trial and the jury foreperson merely announces the verdict and determinations of fact unanimously decided by the jurors during deliberations. The order in which the foreperson announced the verdict and answers to interrogatories has no bearing on whether the elements were proven beyond a reasonable doubt before Nina was found guilty.

Nor was there any Double Jeopardy violation. The Double Jeopardy Clause provides that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life and limb." U.S. Const. amend. V. The Double Jeopardy Clause protects defendants against a second "prosecution for the same offense following either an acquittal or a conviction" and "against multiple punishments for the same offense." *United States v. Morgan*, 51 F.3d 1105, 1113 (2d Cir. 1995). Nina asserts that the jury foreperson's purported error violated the Double Jeopardy Clause because the verdict became final when the foreperson announced "guilty," and the subsequent answer to the interrogatory establishing drug quantity therefore transformed a lower offense into an aggravated drug crime, putting him in jeopardy for a greater offense. (Pet. at 5–6.) But "jury interrogatories are used to elicit specific findings in conjunction with a general verdict," *United States v. Pforzheimer*, 826 F.2d 200, 205 n.1 (2d Cir. 1987), and do not establish separate offenses. Nina was not put at jeopardy for a separate crime each time the jury foreperson was asked for the jury's answer to an interrogatory. Instead, he was convicted of a single crime, as charged in Count One, and the interrogatories merely resolved "issues of fact the decision of which [were] necessary to [the] verdict." *Jarvis v. Ford Motor Co.*, 283 F.3d 33, 56 (2d Cir. 2002) (citation omitted).

### B. Double Jeopardy for Convictions Under 21 U.S.C. §§ 841(e)(1)(A) and 841(b)(1)(A)

Nina also contends that his convictions under 21 U.S.C. §§ 841(e)(1)(A) and 841(b)(1)(A) – Count One of the 2015 Indictment and Count One of the 2013 Indictment, respectively – violated the Double Jeopardy Clause. (Pet. at 13–18, 24–26.) Specifically, Nina argues that the two statutes prohibit the same offense of drug trafficking and that he was convicted on both counts for participating in the same drug conspiracy. (*Id.* at 25.) This argument fails.

"Where the same conduct violates two statutory provisions, the first step in the [D]ouble [J]eopardy analysis is to determine whether the legislature – in this case Congress – intended that each violation be a separate offense." *Garrett v. United States*, 471 U.S. 773, 778 (1985). Congress clearly intended for sections 841(b)(1)(A) and 848(e)(1)(A) to be separate chargeable offenses. As relevant here, section 841(b)(1)(A), read in conjunction with section 846, criminalizes participation in a drug conspiracy. In contrast, section 848(e)(1)(A) criminalizes intentional killings committed by a person "engaging in an offense punishable under section 841(b)(1)(A)," to be imposed "[i]n addition to the other penalties set forth in this section." 21 U.S.C. § 848(e)(1)(A). Congress's intent to create a chargeable offense distinct from the underlying conspiracy can be readily gleaned from the phrase "in addition to." *See Missouri v. Hunter*, 459 U.S. 359, 362, 368 (1983) (holding that a state legislature "ha[d] made its intent [to create separate offenses] crystal clear" by drafting a statute with the language "in addition to any punishment provided by law" (citation omitted)); *see also United States v. Honken*, 541 F.3d 1146, 1155 (8th Cir. 2008) ("The plain text of 21 U.S.C. § 848(e) states the [section] 848(e) punishment is authorized 'in addition to other penalties set forth in this section.' Thus, Congress expressly authorized separate punishments for drug conspiracy offenses punishable under 21 U.S.C. § 841(b)(1)(A) and conspiracy murders . . . under 21 U.S.C. § 848(e)(1)(A)."). Because Congress

clearly intended to create separate crimes with separate punishments, there was no Double Jeopardy violation.[2]

### C. The Statutory Language of 18 U.S.C. § 2

Nina next argues that his convictions for aiding and abetting under Count Three of the 2013 Indictment and Counts One and Two of the 2015 Indictment did not involve "offense[s] against the United States." (Pet. at 7–12, 22–24 (quoting 18 U.S.C. § 2).)  Nina appears to argue that his convictions do not constitute offenses against the United States because he committed "offenses that violate both federal and State laws." (Pet. at 9.)  But the federal aiding and abetting statute provides that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission" can be charged as a principal.  18 U.S.C. § 2.  As the Supreme Court has explained, section 2 is a "general aiding and abetting statute applicable to all federal criminal offenses." *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 181 (1994); *accord Rosemond v. United States*, 572 U.S. 65, 70 (2014).  And the Second Circuit regularly condones attaching section 2 aiding-and-abetting liability to the federal offenses with which Nina was charged.  *See, e.g.*, *United States v. Pipola*, 83 F.3d 556, 561–64 (2d Cir. 1996); *United States v. Custodios*, 325 F. App'x 19, 22–23 (2d Cir. 2009).  Accordingly, Nina's argument is without merit, and the jury was properly charged as to the government's aiding and abetting theories under section 2 for each of the substantive counts.

\*          \*          \*

Because each of Nina's substantive arguments fails on the merits, it was not unreasonable for trial or appellate counsel to decline to raise these meritless claims.  *See Aparicio*, 269 F.3d at

---

[2] While the Second Circuit has not directly spoken on the issue, every Circuit to do so has come to the same conclusion. *See United States v. Vasquez*, 899 F.3d 363, 383 (5th Cir. 2018); *Honken*, 541 F.3d 1146; *United States v. Collazo-Aponte*, 216 F.3d 163, 200 (1st Cir. 2000); *United States v. NJB*, 104 F.3d 630, 632–35 (4th Cir. 1997); *United States v. McCullah*, 76 F.3d 1087, 1104-05 (10th Cir. 1996); *United States v. Snow*, 48 F.3d 198, 200 (6th Cir. 1995).

99–100. Consequently, Nina cannot claim ineffective assistance of counsel either as cause for procedurally defaulting his substantive arguments or as an independent ground for relief pursuant to section 2255.

## IV. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED THAT Nina's motion under 28 U.S.C. § 2255 is DENIED.  In addition, because Nina has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court will not issue a certificate of appealability.  *See Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005).  Furthermore, because any appeal would "lack[] an arguable basis in law or fact," *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995), the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, Nina may not proceed in forma pauperis.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully directed to terminate the motion pending at docket number 660 of 12-cr-322, to close case 19-cv-11962, and to mail a copy of this memorandum and order to the Petitioner. SO ORDERED.

Dated:     March 31, 2022
           New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

9